UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **CLYVE SHAW**, on behalf of himself and those similarly situated<br><br>Plaintiff,<br><br>vs.<br><br>**HORNBLOWER CRUISES & EVENTS, LLC,**<br><br>Defendant. | Civ. Action No. 1:21-cv-10408<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMAND** |

Plaintiff, Clyve Shaw, on behalf of himself and on behalf of all others similarly situated, files this Class Action Complaint against Defendant, Hornblower Cruises & Events, LLC ("Defendant" or "Hornblower"). In sum, Defendant violated the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 et seq. (the "Federal WARN Act") and the New York State Worker Adjustment and Retraining Notification Act, N.Y. Lab. Law § 860 *et seq.* ("NY WARN Act") when it terminated Plaintiff and the putative class members without providing sufficient (or any) advance written notice. In further support thereof, Plaintiff alleges as follows:

## NATURE OF THE ACTION

1. This is a class action for the recovery by the Plaintiff, a former 26-year employee of Defendant, on his own behalf and on behalf of hundreds of other similarly situated former employees (collectively the "Class" or "Classes" as defined below), of damage caused by the Defendant's violation of their rights under the Federal WARN Act and the NY WARN Act.

1

2. The Plaintiff and the other Class members were employees of Defendant who were terminated without cause on their part on or before August 17, 2020, as part of or as the reasonably expected consequence of a mass layoff or plant closing, which was effectuated by Defendant on or about that date.

3. Defendant failed to give the Plaintiff and the other Class members advance written notice of their termination and/or failed to "give as much notice as practicable."

4. Defendant initially "furloughed" Plaintiff and other Class members on or about March 18, 2020, without any notice.

5. Defendant permanently terminated the employment of Plaintiff and the Class members on or about August 17, 2020, with no advance notice.

6. In violation of the Federal WARN Act and the NY WARN Act, Defendant failed to provide as much written notice as was practicable under the circumstances.

7. Defendant could have, but failed to, notify Plaintiff and the putative class members of its plans to effectuate the mass layoff well in advance of August 17, 2020.

8. Upon information and belief, Defendant had furloughed Plaintiff and the putative class members in Mid-March because of COVID-19, meaning Defendant knew its business was suffering and, thus, knew a mass layoff was coming. But, furloughing employees for months, and then terminating their employment without any advance written notice is not a substitute for -- and certainly does not comply with -- the Federal WARN Act or the NY WARN Act's advance written notice requirement.

9. Moreover, the fact that Congress made available to Defendant and many other businesses nationwide millions of dollars in forgivable loans through the "Paycheck Protection Program," but Defendant still opted to instead engage in a mass layoff – and do so without any

advance written notice to its employees -- only further underscores the severity of the Federal WARN Act and the NY WARN Act violations committed by Defendant.

10. Defendant's failure to provide its employees with any advance written notice had a devastating economic impact on Plaintiff and the putative class members.

11. As a consequence, the Plaintiff and the other Class members are entitled under the Federal WARN Act and the NY WARN Act to recover from the Defendant their respective compensation and benefits for 60 days, no part of which has been paid. Specifically, the classes Plaintiff seeks to certify is defined as:

> **Federal WARN Act Class:**
> All former Hornblower employees throughout United States who were not given a minimum of 60 days' written notice of termination and whose employment was terminated on or about August 17, 2020, as a result of a "mass layoff" or "plant closing" as defined by the federal Workers Adjustment and Retraining Notification Act of 1988.
>
> **NY WARN Act Class**
> All former Hornblower employees throughout New York State who were not given a minimum of 90 days' written notice of termination and whose employment was terminated on or about August 17, 2020, as a result of a "mass layoff" or "plant closing" as defined by the New York State Worker Adjustment and Retraining Notification Act, N.Y. Lab. Law § 860 *et seq*.

## JURISDICTION

12. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 2104(a)(5). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

13. A violation of the WARN Act alleged herein occurred in this District.

14. The Defendants are subject to personal jurisdiction in New York because Defendants transact business in New York.

15. Venue in this Court is proper pursuant to 29 U.S.C. § 2104(a)(5).

## THE PARTIES AND SUPPORTING FACTS

16. At all relevant times, Defendant was a business authorized to conduct business in the State of New York and other States.

17. At all relevant times, Defendant maintained an office or facility in New York, New York (the "Facility"), at Chelsea Piers Pier 61, where Plaintiff worked.

18. On information and belief, in or about March 2020, Defendant employed hundreds of people in New York, and thousands across the nation.

19. Prior to his termination, Plaintiff worked for Defendant as a Sales Manager.

### Defendant Violated the Federal WARN Act

20. On or about March 18, 2020, Plaintiff was verbally notified that he was furloughed, effective immediately.

21. Plaintiff was recalled to work for Defendant for several weeks in July and August 2020.

22. On or about August 17, 2020, Plaintiff received a letter from Defendant informing him that Defendant is "placing you on layoff, effective on August 17, 2020."

23. Upon information and belief hundreds of other employees working for Defendant were terminated without cause on their part.

24. Upon information and belief, Defendant terminated the employment of more than 50 employees at a site in Illinois.

25. Upon information and belief, Defendant terminated the employment of more than 50 employees at a site in Newport Beach, California.

26. Upon information and belief, Defendant terminated the employment of more than 50 employees at a site in Marina Del Rey, California.

27. Plaintiff brings this action on his own behalf and, pursuant to rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, on behalf of himself and the other members of the Classes.

28. The federal WARN Act specifically authorizes Plaintiff to bring this suit "for other persons similarly situated." 29 U.S.C. § 2104(a)(5).

29. At all relevant times, the Defendant employed 100 or more employees, exclusive of part-time employees, i.e., those employees who had worked fewer than 6 of the 12 months prior to the date notice was required to be given or who had worked fewer than an average of 20 hours per week during the 90 day period prior to the date notice was required to be given (the "Part-Time Employees"), or employed 100 or more employees who in the aggregate worked at least 4,000 hours per week exclusive of hours of overtime within the United States.

30. Upon information and belief, the terminations in or about August 17, 2020 of the employment of persons who worked at the Facility for Defendant resulted in the loss of employment for more than 50 employees excluding Part-Time Employees.

31. The terminations in or about August 17, 2020 of the employment of persons who worked at the Facility resulted in the loss of employment for at least 33% of the Facility's employees excluding Part-Time Employees.

32. Upon information and belief, Defendant terminated the employment of persons who worked at locations other than the Facility and those terminations resulted in the loss of employment for at least 33% of the employees at those locations excluding Part-Time Employees.

33. The Plaintiff and the other Class members were discharged without cause on their part on or about August 17, 2020.

34. The Plaintiff and each of the other Class members experienced an employment loss as part of or as the reasonably expected consequence of the mass layoff and/or plant closing that occurred in or about August 17, 2020.

35. Prior to his termination, the Plaintiff and the other Class members did not receive written notice at least 60 days in advance of the termination of their employment, nor did they receive as much notice as practicable under the circumstances.

36. The Plaintiff and the other Class members constitute a Class within the meaning of Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure.

37. Each of the other Class members is similarly situated to the Plaintiff with respect to his or her rights under the Federal WARN Act.

38. Common questions of law and fact are applicable to all members of the Federal WARN Act Class.

39. The common questions of law and fact arise from and concern the following, among others: that all Class members enjoyed the protection of the Federal WARN Act; that all Class members were employees of the Defendant; that the Defendant terminated the employment of all the members of the Class without cause on their part; that the Defendant terminated the employment of the members of the Class without giving them at least 60 days' prior written notice as required by the Federal WARN Act; that the Defendant failed to pay the Class members wages and to provide other employee benefits for a 60-day period following their respective terminations; and on information and belief, the issues raised by an affirmative defenses that may be asserted by the Defendant.

40. The Plaintiff's claims are typical of the claims of the other members of the Class in that for each of the several acts of Defendant described above, the Plaintiff and the other Class members is/are an injured party with respect to his/her rights under the WARN Act.

### **Defendant Violated the NY WARN Act**

41. The terminations in or about August 17, 2020 of the employment of persons who worked at the Facility for Defendant resulted in the loss of employment for at least 25 employees excluding Part-Time Employees.

42. The terminations in or about August 17, 2020 of the employment of persons who worked at the Facility resulted in the loss of employment for at least 33% of the Facility's employees excluding Part-Time Employees.

43. Prior to his termination, the Plaintiff and the other NY WARN Act Class members did not receive written notice at least 90 days in advance of the termination of their employment, nor did they receive as much notice as practicable under the circumstances.

44. Each of the other NY WARN Act Class members is similarly situated to the Plaintiff with respect to his or her rights under the NY WARN Act.

45. Common questions of law and fact are applicable to all members of the Federal WARN Act Class.

46. The common questions of law and fact arise from and concern the following, among others: that all NY WARN Act Class members enjoyed the protection of the NY WARN Act; that all Class members were employees of the Defendant; that the Defendant terminated the employment of all the members of the Class without cause on their part; that the Defendant terminated the employment of the members of the Class without giving them at least 90 days'

prior written notice as required by the NY WARN Act; that the Defendant failed to pay the Class members wages and to provide other employee benefits for a 60-day period following their respective terminations; and on information and belief, the issues raised by an affirmative defenses that may be asserted by the Defendant.

47. The Plaintiff's claims are typical of the claims of the other members of the Class in that for each of the several acts of Defendant described above, the Plaintiff and the other Class members is an injured party with respect to his/her rights under the NY WARN Act.

48. The Plaintiff will fairly and adequately protect and represent the interests of the Classes.

49. The Plaintiff has the time and resources to prosecute this action.

50. The Plaintiff has retained the undersigned counsel who have had extensive experience litigating WARN Act claims, employee rights' claims and other claims in Federal court.

51. The Class is so numerous as to render joinder of all members impracticable in that there are hundreds, if not thousands, of members of the Class.

52. The questions of law and fact common to the members of the Class predominate over any questions affecting only individual members.

53. A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

54. No Class member has an interest in individually controlling the prosecution of a separate action under the Federal WARN Act or NY WARN Act.

55. No litigation concerning the Federal WARN Act or NY WARN Act rights of any Class member has been commenced.

56. Concentrating all the potential litigation concerning the WARN Act rights of the Class members in this Court will avoid a multiplicity of suits, will conserve judicial resources and the resources of the parties, and is the most efficient means of resolving the WARN Act rights of all the Class members.

57. On information and belief, the names of all the Class members are contained in Defendant's books and records.

58. On information and belief, a recent residence address of each of the Class members is contained in Defendant's books and records.

59. On information and belief, the rate of pay and the benefits that were being paid or provided by Defendant to each Class member at the time of his or her termination are contained in Defendant's books and records.

60. As a result of Defendant's violation of the Federal WARN Act and the NY WARN Act, each Class member is entitled to recover an amount equal to the sum of: (a) his/her respective wages, salaries, commissions, bonuses and accrued pay for vacation and personal days for the work days in the 60 calendar days prior to their respective terminations and fringe benefits for 60 calendar days prior to their respective terminations; and (b) his/her medical expenses incurred during the 60-day period following their respective terminations that would have been covered and paid under the Defendant' health insurance plan had that plan provided coverage for such period.

61. Defendant failed to pay the Plaintiff and the other Class members for the Defendant's violation of the WARN Act in an amount equal to the sum of or any part of the sum of (a) their respective wages, salary, commissions, bonuses and accrued pay for vacation and personal days for the work days in the 60 calendar days prior to their respective terminations and

fringe benefits for 60 calendar days prior to their respective terminations; and (b) their medical expenses incurred during the 60 calendar days from and after the date of his/her termination that would have been covered under the Defendant' benefit plans had those plans remained in effect.

## AS AND FOR A FIRST CAUSE OF ACTION
### (Violation of the WARN Act, 29 U.S.C. §§ 2101 *et seq.*)

62. Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint as if same were set forth herein fully at length.

63. On August 17, 2020, Defendant informed the Plaintiff: "We regret to provide you with this notice that Hornblower Cruises & Events, LLC ("Company") is placing you on layoff, effective on August 17, 2020. At this point, we expect your layoff to be permanent."

64. Defendants violated the Federal WARN Act by failing to provide a sixty (60) day notice to employees prior to closing a site of employment, or one or more facilities or operating units within a single site of employment which resulted in an "employment loss" for fifty (50) or more employees.

65. Plaintiffs and all similarly situated individuals working for Defendants were damaged by Defendant's violation of the law.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Violation of the NY WARN Act, N.Y. Lab. Law § 860 et seq.)

66. Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint as if the same were set forth herein fully at length.

67. Defendants violated the NY WARN Act by failing to provide a ninety (90) day notice to employees prior to closing a site of employment, or one or more facilities or operating units within a single site of employment which resulted in twenty-five (25) or more employees losing employment.

68.     Plaintiffs and all similarly situated individuals working for Defendants were damaged by Defendant's violation of the law.

## PRAYER FOR RELIEF

69.     Plaintiff hereby demands a jury trial of all issues that may be so tried.

WHEREFORE, the Plaintiff demands judgment as follows:

A.     In favor of the Plaintiff and each other Class member against the Defendant equal to the sum of: (a) wages, salary, commissions, bonuses, accrued pay for vacation and personal days, for 60 days; (b) pension, 401(k) contributions, health and medical insurance and other fringe benefits for 60 days; and (c) medical expenses incurred during the 60 day period following their respective terminations that would have been covered and paid under the Defendant's health insurance plans had coverage under that plan continued for such period, all determined in accordance with the WARN Act, 29 U.S.C. § 2104 (a)(1)(A) and the NY WARN Act;

B.     Appointment of the Plaintiff as Class Representative;

C.     Appointment of the undersigned as Class Counsel;

D.     An award in favor of the Plaintiff for the reasonable attorneys' fees and the costs and disbursements of prosecuting this action, as authorized by the WARN Act, 29 U.S.C. § 2104 (a)(6).

E.     Interest allowed by law;

F.     Such other and further relief as this Court deems just and proper.

Dated:  December 6, 2021                Respectfully submitted,
        New York, New York

                                        _____/s/_____
                                        Christopher Q. Davis
                                        Brendan Sweeney

        The Law Office of Christopher Q. Davis
        80 Broad Street, Suite 703
        New York, New York 10004
        646-430-7930 (main)
        646-349-2504 (fax)