UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CLYVE SHAW and KENARDRO PRESS, on behalf of themselves and those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>HORNBLOWER CRUISES & EVENTS LLC,<br><br>Defendant. | Case No. 21 Civ. 10408 (VM) |

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO PARTIALLY DISMISS THE SECOND AMENDED COMPLAINT OR, IN THE ALTERNATIVE, PARTIALLY DENY CLASS CERTIFICATION**

LAW OFFICE OF CHRISTOPHER Q. DAVIS, PLLC
80 Broad Street, Suite 703
New York, NY 10004
Telephone: (646) 430 – 7930

*Attorneys for Plaintiffs*

Defendant Hornblower Cruises & Events, LLC ("Defendant" or "Hornblower") argues that the Second Amended Complaint should be dismissed because only Hornblower knows the percentage of its workforce that was laid off without notice. Hornblower also argues that the Named Plaintiffs are not adequate representatives for potential class members who worked at different sites of employment. These arguments ignore the relevant standard for a motion to dismiss and are procedurally premature. Accordingly, Defendant's Motion should be denied.

**RELEVANT ALLEGATIONS IN THE SECOND AMENDED COMPLAINT**

The Second Amended Complaint alleges that Hornblower conducted mass layoffs that resulted in the loss of employment for at least 33% of, and at least 50 employees, excluding part time employees, at multiple sites of employment. Sec. Am. Compl. ¶¶ 13, 34, 50, 60, 61, 69, 92; 29 U.S.C. § 2101(a)(2)-(3). The Second Amended Complaint provides multiple examples of "Defendant's failure to comply with its WARN obligations." (Sec. Am. Comp." ¶¶ 34-47). The precise number of employees terminated, and the percentage of the workforce that Defendant terminated, is available in Defendant's records. (Sec. Am. Comp. ¶ 48).

At some point, Hornblower recognized that it had an obligation to provide WARN notices. In a sworn declaration dated September 14, 2020, Hornblower's Vice President of Human Resources took the position that Hornblower's WARN triggering mass layoff in Illinois was the result of "unforeseeable business circumstances" and notices provided to impacted employees, approximately six months after they were terminated, were provided "as soon as was practicable under the relevant circumstances." (Sec. Am. Comp. ¶¶ 35-39).

**I.   It is Undisputed That the Second Amended Complaint Pleads Valid Class Claims**

Hornblower's "Motion to Partially Dismiss The Second Amended Complaint" does not dispute that Plaintiffs adequately pled class claims under federal, New York and Illinois law. Hornblower argues that the Second Amended Complaint does not state federal class claims with respect to other locations. Hornblower cannot deny that it laid off more than fifty employees at multiple sites of employment (because they provided WARN notices to government officials that state the number of impacted employees), but it argues that it is possible that some of these employees might not qualify as full-time employees and they may not represent at least 33 percent of the countable workforce at certain worksites. In other words, Hornblower is asking the Court to dismiss the Second Amended Complaint because only Hornblower knows the number of hours impacted employees worked, and the size of its workforce before it implemented mass layoffs. This argument is either a class certification argument or a misguided motion for summary judgment, but it is not an appropriate argument at the pleading stage.

Taking the facts alleged in the Second Amended Complaint as true and drawing all reasonable inferences in favor of the non-moving party, Plaintiffs have sufficiently pled facts to support both their federal and state WARN claims. *See Rescuecom Corp. v. Google Inc*., 562 F.3d 123, 127 (2d Cir. 2009) (on a motion to dismiss the court must accept as true all of the factual allegations set out in the complaint, draw inferences in the light most favorable to plaintiff and construe the complaint liberally) (internal quotations and citation omitted).

Hornblower cannot cite a single case in which a court parsed class claims at the pleading stage as they request here. Nothing in *Guippone v. BH S & B Holdings LLC*, 681 F. Supp.2d 442 (S.D.N.Y. 2010), the only WARN Act decision that Hornblower cites for its pleading argument, supports the argument that a plaintiff must plead the precise number of hours worked by potential class members and the precise size of the impacted workforce. *Guippone* is primarily about the applicability of WARN to the purchaser of a business. The *Guippone* court did conclude that the complaint in that case did not plead sufficient facts, but that has no bearing on the adequacy of the Second Amended Complaint in this case.

**II.     The Court Should Not Decide Issues Related to Class Certification at the Pleading Stage**

Without citing any relevant authority, Hornblower argues: "WARN Act commonality cannot exist between individuals who worked at different sites of employment." This argument is both procedurally premature and incorrect.

First, because Hornblower cannot dispute that the Second Amended Complaint states valid class claims, its Motion is actually a motion about the scope of the class and the adequacy of the class representatives. Numerous courts have held that arguments regarding the appropriate scope of a putative class should be addressed on a motion for class certification, after discovery, and not on a Rule 12 motion. *See, e.g.*, *Chen-Oster v. Goldman, Sachs & Co.*, 877 F. Supp. 2d 113, 117 (S.D.N.Y. 2012) ("[M]otions of this kind are deemed procedurally premature.") (collecting cases); *see also In re Dewey & LeBoeuf LLP*, 487 B.R. 169, 179 (Bankr. S.D.N.Y. 2013) (finding lack of authority "suggesting the motion to dismiss stage is the proper point for the Court to consider whether a plaintiff [WARN] class should be certified . . . ."); *Calibuso v. Bank of Am. Corp.*, 893 F. Supp. 2d 374, 386, 391 (E.D.N.Y. 2012) ("[D]efendants' motion [to dismiss/strike plaintiffs' class claims] is premature in this case, and plaintiffs should be given an opportunity to set forth their proof of commonality at the class certification stage."); *see generally Barghout v. Bayer Healthcare Pharms.*, 2012 WL 1113973, at *9–11 (D.N.J. Mar. 30, 2012) ("Defendants' look forward to a future motion to certify, currently not before this Court. These arguments are not appropriate at this stage of litigation. This timing issue is fatal to the instant motion by Defendants.").[1]

At this stage, Plaintiffs are not required to prove that they meet the Rule 23 requirements. The parties have not had an opportunity to engage in discovery and develop an evidentiary record on issues related to the Rule 23 factors. The cases that Hornblower relies on are inapplicable because they involve motions for class certification. *See Stanley v. St. Croix Basic Servs.*, 2008 U.S. Dist. LEXIS 90024, *19 (D.V.I. Nov. 3, 2008 (deciding plaintiffs' motion for class certification); *Likes v. DHL Exp.*, 288 F.R.D. 524, 529 (N.D. Ala. 2012) (noting previous denial of defendant's motion to dismiss WARN nationwide class complaint and analyzing class

---

[1] In fact, a case that Hornblower cites to support its mistaken proposition that it is appropriate to strike class allegations before discovery actually reaches the opposite conclusion. *See Garcia v. Execu|Search Grp.*, 2019 WL 689084 (S.D.N.Y. Feb. 19, 2019). There, the Court denied the defendant's motion to strike class allegations and states that "[a]lthough a party seeking class certification must affirmatively demonstrate…compliance with Rule 23…, [Plaintiff] is not required to do so at the pleading stage without the benefit of class discovery or full class certification briefing." *Id*. at *4 (internal quotations and citations omitted).

claims on motion for class certification following class discovery). "[D]istrict courts in this Circuit have frequently found that a determination of whether the Rule 23 requirements are met is more properly deferred to the class certification stage, when a more complete factual record can aid the Court in making this determination." *Mazzola v. Roomster Corp.*, 849 F. Supp. 2d 395, 410 (S.D.N.Y. 2012); *see also, e.g., Chenensky v. N.Y. Life Ins. Co.,* No. 07-CV-11504 (WHP), 2011 WL 1795305, at *4 (S.D.N.Y. Apr. 27, 2011). Discovery will reveal information that is relevant to class certification, such as the precise number of full-time employees that Hornblower terminated, and whether those people were at least 33% of the workforce at various locations.

In addition to being premature, Hornblower's arguments about the appropriateness of WARN Act class claims across multiple sites of employment is incorrect. Hornblower's Motion ignores the numerous decisions (cited in Plaintiffs' May 4 letter) in which courts certified classes that include employees at multiple sites of employment where the named plaintiff did not work. In *Grimes v. Evergreen Rec. Vehicles*, 2018 WL 1257237 (N.D. Ind.), for example, the Court carefully analyzed this issue and found that a single named Plaintiff met his burden of establishing commonality, typicality and the other requirements for certification and could represent employees at multiple sites. In response to the defendants' argument that the plaintiff could not meet the typicality requirement because members of the proposed class worked at different sites, the Court held:

> The Court finds that these issues do not defeat the typicality requirement. It is true that in order for there to be a violation of the WARN Act, a "mass layoff" or "plant closing" must have occurred at a "single site of employment." However, whether or not the June 2016 facility closures consisted of "plant closings" or "mass layoffs" rests on facts (including the number of employees working at each location) that are uniquely available to the Defendants. … Thus, the concerns raised by the Defendants will be ferreted out during the course of discovery, but they do not prevent class certification.

*Id.* at *6-7. See also*, *Ramcharan v. A.F.L. Quality, Inc.*, No. 1:12-CV-07551-RMB/AMD, 2014 WL 4388579 (D.N.J. Sept. 5, 2014) on reconsideration in part on other grounds, 2015 WL 4275534 (D.N.J. Apr. 14, 2015); *In re Connaught Group, Ltd.*, 491 B.R. 88 (S.D.N.Y. 2013).

The Second Amended Complaint identifies numerous common issues of law and fact. For example, the Second Amended Complaint alleges that Plaintiffs and class members did not "receive as much notice as practicable under the circumstances." (Sec. Am. Comp. ¶ 53). Defendant has already taken the opposite position in a sworn declaration. (Sec. Am. Comp. ¶¶ 35-39). This is a common issue that should be resolved on a class basis.

## **CONCLUSION**

The court should deny Defendant's Motion. Alternatively, if the court grants the Motion, Plaintiffs request leave to replead.

Respectfully submitted,

Dated:	July 22, 2022
	New York, New York

*Brendan Sweeney*
_____
Christopher Q. Davis
Brendan Sweeney
Law Office of Christopher Q. Davis
80 Broad Street, Suite 703
New York, NY 10004
(646) 430 – 7930
cdavis@workingsolutionsnyc.com
Bsweeney@workingsolutionsnyc.com
*Attorneys for Plaintiffs*