Revised: March 8, 2018

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x

CLYVE SHAW AND KENARDRO PRESS, :
individually and on behalf of all others :
similarly situated :
                Plaintiff, : No. (OTW)  21-cv-10408
                :
     -against- : **JOINT ELECTRONIC DISCOVERY SUBMISSION**
                : **NO:  1    AND [PROPOSED] ORDER**
HORNBLOWER CRUISES & EVENTS, LLC, :
              Defendant. :
                        :
-----------------------------------------------------------x

       One or more of the parties to this litigation have indicated that they believe that relevant information may exist or be stored in electronic format, and that this content is potentially responsive to current or anticipated discovery requests. This Joint Submission and [Proposed] Order (and any subsequent ones) shall be the governing document(s) by which the parties and the Court manage the electronic discovery process in this action. The parties and the Court recognize that this Joint Electronic Discovery Submission No. 1 and [Proposed] Order is based on facts and circumstances as they are currently known to each party, that the electronic discovery process is iterative, and that additions and modifications to this Submission may become necessary as more information becomes known to the parties.

**(1)**     **Brief Joint Statement Describing the Action, [e.g., "Putative securities class action pertaining to the restatement of earnings for the period May 1, 2009 to May 30, 2009"]** :

    WARN Act class action regarding layoffs between March 2020 and September 2020.

    (a)     **Estimated amount of Plaintiff(s)' Claims:**

        __ Less than $100,000
        __ Between $100,000 and $999,999
        X  Between $1,000,000 and $49,999,999
        __ More than $50,000,000

    __ Equitable Relief
    __ Other (if so, specify) _____

(b) **Estimated amount of Defendant(s)' Counterclaim/Cross-Claims:**

    __ Less than $100,000
    __ Between $100,000 and $999,999
    __ Between $1,000,000 and $49,999,999
    __ More than $50,000,000
    __ Equitable Relief
    __ Other (if so, specify) _____

**(2) Competence.** Counsel certify that they are sufficiently knowledgeable in matters relating to their clients' technological systems to discuss competently issues relating to electronic discovery, or have involved someone competent to address these issues on their behalf.

**(3) Meet and Confer.** Pursuant to Fed. R. Civ. P. 26(f), counsel are required to meet and confer regarding certain matters relating to electronic discovery before the Initial Pretrial Conference (the Rule 16 Conference). Counsel hereby certify that they have met and conferred to discuss these issues.

Date(s) of parties' meet-and-confer conference(s): September 30, 2022 and October 18, 2022

**(4) Unresolved Issues**: After the meet-and-confer conference(s) taking place on the aforementioned date(s), the following issues remain outstanding and/or require court intervention: __ Preservation; __ Search and Review; __ Source(s) of Production; __ Form(s) of Production; __Identification or Logging of Privileged Material; __ Inadvertent Production of Privileged Material; __ Cost Allocation; and/or__, Other (if so, specify) _____. To the extent specific details are needed about one or more issues in dispute, describe briefly below.

None. The parties agree to meet and confer about ESI search terms and to produce responsive, non-priviledged documents with .dat and .opt load files, images files in .tif format, extracted text files in .txt format, and spreadsheets, videos, and audio files in native format with a placeholder in the main production. Each party will bear its own costs in review and prodcution, and the parties will enter a confidenialty and claw-back order. Privileged materials will be identified on a privilege log in accordance with the local rules

As set forth below, to date, the parties have addressed the following issues:

**(5)    Preservation.**

    (a)    The parties have discussed the obligation to preserve potentially relevant electronically stored information and agree to the following scope and methods for preservation, including but not limited to: retention of electronic data and implementation of a data preservation plan; identification of potentially relevant data; disclosure of the programs and manner in which the data is maintained; identification of computer system(s) utilized; and identification of the individual(s) responsible for data preservation, etc.

        Plaintiff(s):

        Plaintiff's counsel has advised the named plaintiffs of their preservation obligations in email.

        We have also conducted collections with both plaintiffs of potentially relevant ESI and hard copy materials.

        Defendant(s):

        Defendant has put in place a litigation hold that has been issued to relevant custodians, including company IT professionals responsisble for data maintenance. The litigation hold applies to hard copy materials and ESI, including custodian email boxes.

    (b)    State the extent to which the parties have disclosed or have agreed to disclose the dates, contents, and/or recipients of "litigation hold" communications.

        The parties do not agree to produce the dates, contents, and/or recipients of litigation hold communications. Those communications are protected by the attorney-client privilege and the work product protection.

(c)   The parties anticipate the need for judicial intervention regarding the following issues concerning the duty to preserve, the scope, or the method(s) of preserving electronically stored Information:

No judicial intervention is required at this time.

**(6)   Search and Review**

(a)   The parties have discussed methodologies or protocols for the search and review of electronically stored information, as well as the disclosure of techniques to be used. Some of the approaches that may be considered include: the use and exchange of keyword search lists, "hit reports," and/or responsiveness rates; concept search; machine learning, or other advanced analytical tools; limitations on the fields or file types to be searched; date restrictions; limitations on whether back-up, archival, legacy, or deleted electronically stored information will be searched; testing; sampling; etc. To the extent the parties have reached agreement as to search and review methods, provide details below:

Plaintiff(s):
Plaintiffs have agreed to produce responsive ESI and hard copy documents in the agreed upon format. To the extent necessary, lead plaintiffs have agreed to cooperate in the identification of search terms and will produce a hit report to for the sake of narrowing the scope of reviewable documents.

Defendant(s):
Defendant will supply a hit report identifying the search terms to be applied and the number of reviewable documents for each term.

4

    (b)    The parties anticipate the need for judicial Intervention regarding the following issues concerning the search and review of electronically stored information:

No judicial intervention is required at this time.

**(7)**     **Production**

    (a)    Source(s) of Electronically Stored Information. The parties anticipate that discovery may occur from one or more of the following potential source(s) of electronically stored information [e.g., email, word processing documents, spreadsheets, presentations, databases, instant messages, web sites, blogs, social media, ephemeral data, etc.]:

Plaintiff(s):
email with attachments and text messages

Defendant(s):
email (including attachments), documents, spreadsheets

(b) Limitations on Production. The parties have discussed factors relating to the scope of production, including but not limited to: (i) number of custodians; (ii) identity of custodians; (iii) date ranges for which potentially relevant data will be drawn; (iv) locations of data; (v) timing of productions (including phased discovery or rolling productions); and (vi) electronically stored information in the custody or control of non-parties. To the extent the parties have reached agreements related to any of these factors, describe below:

Plaintiff(s):
Plaintiffs will produce responsive hard copy documents and ESI for the two Plaintiffs. In event of certification, Plaintiff will seek to meet and confer about the possibility of expanding the scope of search and production to a mutually agreed upon number of class member custodians. Plaintiff intend to seek production of furlough and WARN notice communications including email envelope and header metadata.

Defendant(s):
Defendant will search the emails boxes of the custodians listed in their Rule 26(a) initial disclosures applying a date range of March 1, 2020 to September 30, 2020 and a list of search terms to be agreed on by the parties.

(c) Form(s) of Production:

(1) The parties have readied the following agreements regarding the form(s) of productions:

Plaintiff(s):
Plaintiffs will produce ESI in the same format as received.

6

      Defendant(s):

-Documents will be produced with .dat and .opt load files.

 -Image files will be produced in .tif format

 -Extracted text files will be produced in .txt format

 -Spreadsheets, video, and audio files will be produced in native formats with a placeholder in the main production.

- All ESI productions will include metadata.

(2)    Please specify any exceptions to the form(s) of production indicated above (e.g., word processing documents in TIFF with load files, but spreadsheets in native form):

    N/A

(3)    The parties anticipate the need for judicial intervention regarding the following issues concerning the form(s) of production:

    N/A

(d)  Privileged Material.

    (1)  Identification. The parties have agreed to the following method(s) for the identification (including the logging, if any, or alternatively, the disclosure of the number of documents withheld), and the redaction of privileged documents:

        Production of a privilege log consistent with local rules.

    **(2)**  Inadvertent Production / Claw-Back Agreements. Pursuant to Fed R. Civ. Proc. 26(b)(5) and F.R.E. 502(e), the parties have agreed to the following concerning the inadvertent production of privileged documents (e.g. "quick-peek" agreements, on-site examinations, non-waiver agreements or orders pursuant to F.R.E. 502(d), etc.):

        The parties will enter into a separate confidentiality and claw-back agreement

    **(3)**  The parties have discussed a 502(d) Order. Yes _X_; No _

    *The provisions of any such proposed Order shall be set forth in a separate document and presented to the Court for its consideration.*

(e)  Cost of Production. The parties have analyzed their client's data repositories and have estimated the costs associated with the production of electronically stored

information. The factors and components underlying these costs are estimated as follows:

(1)  Costs:

   Plaintiff(s):
   Plaintiffs will bear the cost of uploading, reviewing and producing responsive ESI for lead plaintiffs.

   Defendant(s):
   Defendant will bear the costs of uploading, reviewing, and producing responsive ESI.

(2)  Cost Allocation. The parties have considered cost-shifting or cost-sharing and have reached the following agreements, if any:
   N/A

  (3)  Cost Savings. The parties have considered cost-saving measures, such as the use of a common electronic discovery vendor or a shared document repository, and have reached the following agreements, if any:

    N/A

 (f)  The parties anticipate the need for judicial intervention regarding the following issues concerning the production of electronically stored information:

    N/A

**(8)** **Other Issues:**

  In the event of certification, Plaintiffs will seek to meet and confer with opposing counsel about expanding the scope of email search and review to a mutually agreeable number of class member custodians. Plaintiff are specifically interested in discovery of furlough and WARN Act notices communications similar to those received by the Lead Plaintiffs.

_____
_____
_____
_____
_____
_____
_____
_____
_____

The preceding constitutes the agreement(s) reached, and disputes existing, (if any) between the parties to certain matters concerning electronic discovery as of this date. To the extent additional agreements are reached, modifications are necessary, or disputes are identified, they will be outlined in subsequent submissions or agreements and promptly presented to the Court.

Party: __Plaintiffs_____    By: _/s/ Christopher Q. Davis_____

Party: _____   By: _____

Party: __Hornblower_____    By: _/s/ Shawn Matthew Clark_____

Party: _____   By: _____

Party: _____   By: _____

The next scheduled meet-and-confer conference to address electronic discovery issues, including the status of electronic discovery and any issues or disputes that have arisen since the last conference or Order, shall take place on: __11/18/2022_____.

The next scheduled conference with the Court for purposes of updating the Court on electronic discovery issues has been scheduled for _____. Additional conferences, or written

11

status reports, shall be set every 3 to 4 weeks, as determined by the parties and the Court, based on the complexity of the issues at hand. An agenda should be submitted to the Court four (4) days before such conference indicating the issues to be raised by the parties. The parties may jointly seek to adjourn the conference with the Court by telephone call 48 hours in advance of a scheduled conference, if the parties agree that there are no issues requiring Court intervention.

Additional Instructions or Orders, if any:

_____
_____
_____
_____

Dated:  October 20 , 2022          SO ORDERED.

                                                               **Ona T. Wang**
                                               United Stated Magistrate Judge