**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

CLYVE SHAW and KENARDRO PRESS, on behalf of themselves and those similarly situated,

               Plaintiffs,

- against -

HORNBLOWER CRUISES & EVENTS, LCC,

               Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/2/2023

**21 Civ. 10408 (VM)**

**DECISION AND ORDER**

**VICTOR MARRERO, United States District Judge.**

Pending before the Court are two objections (see "Objection to Discovery," Dkt. No. 83; "Objection to Denial of Stay," Dkt. No. 86) filed by defendant Hornblower Cruises & Events, LLC ("Hornblower" or "Defendant") to Magistrate Judge Ona T. Wang's discovery orders dated January 30, 2023 (see "January 30 Order," Dkt. No. 82) and February 3, 2023 (see "February 3 Order," Dkt. No. 85). For the reasons set forth below, both objections are overruled.

## I. BACKGROUND

Plaintiffs Clyve Shaw and Kenardro Press (collectively, "Plaintiffs") brought this putative class action, on behalf of themselves and all others similarly situated, against Hornblower. Plaintiffs allege that Hornblower violated the federal Worker Adjustment and Retraining Notification

("WARN") Act,[1] the New York State WARN Act,[2] and the Illinois WARN Act,[3] by failing to provide the required timely notices to its employees prior to closing a site of employment and conducting a mass layoff.[4]

The Court referred this case to Magistrate Judge Wang for general pre-trial supervision, including scheduling, discovery, and non-dispositive pretrial motions. On November 28, 2022, and consistent with this Court's Individual Practices, counsel for Hornblower sent counsel for Plaintiffs a pre-motion letter regarding its anticipated motion to dismiss Plaintiffs' Third Amended Complaint (see "Third Amended Complaint" or "TAC," Dkt. No. 61) under Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"). (See Dkt. No. 64.) The parties engaged in a pre-motion letter exchange, and informed this Court by letter on January 26, 2023 that they consented to deeming the pre-motion letters a fully briefed motion. (See Dkt. No. 80.)

On January 30, 2023, in response to the parties' joint letter on discovery (see Dkt. No. 81), Magistrate Judge Wang

---

[1] 29 U.S.C. §§ 2101-2109.
[2] N.Y. Lab. L. § 860.
[3] 820 Ill. Comp. Stat. Ann. 65/1.
[4] As relevant here, a "mass layoff" is defined as a "reduction in force which . . . results in an employment loss at the single site of employment during any 30-day period for -- (i)(I) at least 33 percent of the employees (excluding any part-time employees); and (II) at least 50 employees (excluding any part-time employees); or (ii) at least 500 employees (excluding any part-time employees)." 29 U.S.C. § 2101(a)(3).

granted, in part, Plaintiffs' motion to compel discovery (see January 30 Order). On February 2, 2023, Hornblower filed a partial objection (see Objection to Discovery) to Magistrate Judge Wang's January 30 Order directing Hornblower "to produce the number of people employed at the relevant locations in California before the March 2020 layoffs." (January 30 Order at 1.) That day, Hornblower also moved to stay discovery pending resolution of its Discovery Objection (see Dkt. No. 84), which Magistrate Judge Wang promptly denied on February 3, 2023 (see February 3 Order). Hornblower filed another objection to challenge Magistrate Judge Wang's denial of its stay request. (See Objection to Denial of Stay.) On February 8, 2023, Plaintiffs filed their opposition to both objections. (See "Opposition," Dkt. No. 88.)

## II.  LEGAL STANDARD

Under 28 U.S.C. Section 636(b)(1)(A), a district judge may "designate a magistrate judge to hear and determine any [non-dispositive] pretrial matter," that is not otherwise expressly excluded. Magistrate judges have "broad discretion in resolving non-dispositive disputes." Marotte v. City of N.Y., No. 16 Civ. 8953, 2017 WL 11105223, at *1 (S.D.N.Y. Oct. 6, 2017) (citing Am. Stock Exch., LLC v. Mopex, Inc., 215 F.R.D. 87, 90 (S.D.N.Y. 2002)). "Matters concerning discovery generally are considered 'nondispositive' of the

litigation." Thomas E. Hoar, Inc. v. Sara Lee Corp., 900 F.2d 522, 525 (2d Cir. 1990).

A party must serve and file any objections to a magistrate judge's order on a non-dispositive matter within 14 days after being served with a copy of the order. See Fed. R. Civ. P. 72(a). A non-dispositive matter decided by a magistrate judge will be "modified" or "set aside" only if the order "is clearly erroneous or is contrary to law." Id.; see also 28 U.S.C. § 636(b)(1)(A). A ruling is "'clearly erroneous' when, 'although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" Am. Stock Exch., LLC, 215 F.R.D. at 90 (citing Derthick v. Bassett-Walker Inc., Nos. 90 Civ. 5427, 90 Civ. 7479, 90 Civ. 3845, 1992 WL 249951, at *8 (S.D.N.Y. Sept. 23, 1992)). Thus, "a magistrate judge's resolution of a discovery dispute deserves substantial deference." Moran v. Flaherty, No. 92 Civ. 3200, 1992 WL 276913, at *1 (S.D.N.Y. Sept. 25, 1992).

### III. **DISCUSSION**

A.  OBJECTION TO MOTION TO COMPEL DISCOVERY

The Court finds that Magistrate Judge Wang's January 30 Order granting, in part, Plaintiffs' motion to compel was neither an abuse of discretion nor clearly erroneous, and

4

overrules Hornblower's objection. In her January 30 Order, Magistrate Judge Wang directed Hornblower to produce the number of people employed at its California sites of employment prior to the March 2020 layoffs. Hornblower argues that compelling it to produce these "denominators" with respect to the California sites while its motion to dismiss is still pending is "premature and improper" and contrary to federal caselaw and rules of civil procedure. (Objection to Discovery at 6.) Hornblower's Objection to Discovery functions, in substance, as a request that discovery be stayed pending its motion to dismiss.

Federal Rule of Civil Procedure 26 ("Rule 26"), which governs discovery, provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Under Rule 26(c), "a district court may stay discovery during the pendency of a motion to dismiss for 'good cause shown.'" Chesney v. Valley Stream Union Free Sch. Dist., 236 F.R.D. 113, 115 (E.D.N.Y. 2006); see also Spencer Trask Software & Info. Servs. LLC v. RPost Int'l Ltd., 206 F.R.D. 367, 368 (S.D.N.Y. 2002) ("Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, a court has discretion to stay discovery 'for good cause shown.'"). Courts consider several factors to determine

5

whether good cause exists, including: "(1) a strong showing, by the defendant[], that the plaintiffs' claim(s) lack merit; (2) the breadth of the discovery demanded and the burden of responding to it; and (3) the risk of unfair prejudice to the plaintiff." Bookends & Beginnings LLC v. Amazon.com, Inc., Nos. 21 Civ. 2584, 21 Civ. 351, 2021 WL 5450236, at *2 (S.D.N.Y. Nov. 19, 2021) (citing Kassover v. UBS A.G., No. 08 Civ. 2753, 2008 WL 5395942, at *4 (S.D.N.Y. Dec. 19, 2008)).

Here, the Court is not persuaded that Magistrate Judge Wang clearly erred in ordering Hornblower to produce the total number of employees at its California sites of employment. First, Hornblower has not made a strong showing that Plaintiffs' claims lack merit. Hornblower argues that Plaintiffs' TAC fails to provide a factual basis for the claim that over 33 percent of employees were terminated at each of the California sites. Citing multiple cases, Hornblower further contends that if Plaintiffs are "unable to adequately state a claim, they are not entitled to discovery on that claim to attempt to bear out the claim or cure the deficient pleading." (Objection to Discovery at 6-7 (collecting cases).) Plaintiffs counter that they have properly alleged "upon information and belief" that Hornblower's "California layoffs impacted at least 33% of the workforce at each

6

[California] location" because such data is "exclusively in the possession of Defendant."[5] (Opposition at 2.)

Indeed, as Hornblower fears, providing the "denominators" to Plaintiffs may bolster the legal feasibility of Plaintiffs' WARN Act claims with respect to Hornblower's four California sites of employment. However, the Court does not agree with Hornblower's contention that its procedural right to test the adequacy of Plaintiffs' pleading is in jeopardy. The Court has already held in its MTD Decision and Order on Hornblower's first motion to dismiss that Plaintiffs satisfied the plausibility standard with respect to Pier 62 and Navy Pier, Hornblower's sites of employment in New York and Illinois. (See MTD Decision and Order at 19.) With respect to the California sites, a major defect this Court found in Plaintiffs' Second Amended Complaint (see Dkt. No. 27) was that Plaintiffs failed to allege even "upon information and belief" that Hornblower's layoffs at the California sites could amount to 33 percent of the workforce at the time of the layoffs as required by the WARN Act. There was no information that this Court could

---

[5] The parties also argue whether this Court's November 7, 2022 Decision and Order (see "MTD Decision and Order," Dkt. No. 60 at 27) permitted the discovery at issue in Hornblower's Objection to Discovery. While the Court agrees with Hornblower that the discovery contemplated in the MTD Decision and Order related to a motion for class certification and not to pleading requirements, the Court does not find this discussion pertinent to resolving Hornblower's Objection to Discovery.

assess to infer whether the threshold amount to satisfy a WARN Act cause of action had or could have been met.

Plaintiffs have attempted to address this deficiency in the TAC by pleading this fact "upon information and belief," which Hornblower argues is conclusory. While the Court has not yet issued a decision as to whether the revised claim satisfies the plausibility pleading standard under Rule 12(b)(6), Hornblower has not made a "strong showing" that Plaintiffs' claim with respect to the California sites is "unmeritorious" such that the limited discovery sought would be improper. Hong Leong Finance Ltd. (Singapore) v. Pinnacle Performance Ltd., 297 F.R.D. 69, 72 (S.D.N.Y. 2013). This Circuit has held that a plaintiff may "plead[] facts alleged upon information and belief' where the facts are peculiarly within the possession and control of the defendant." Arista Records, LLC v. Doe 3, 604 F.3d 110, 120 (2d Cir. 2010) (internal quotations omitted); see also New York v. Town of Clarkstown, 95 F. Supp. 3d 660, 680-81 (S.D.N.Y. 2015) (same). The Court is persuaded that the information Plaintiffs seek -- the total number of employees at *specific* worksites at a *specific* moment in time -- is likely within Hornblower's sole possession and cannot be obtained otherwise, and pleading facts alleged on "information and belief" in such an instance would be proper. The Court does not find that Hornblower has

8

met its burden of demonstrating that Plaintiffs' claim lacks merit, weighing against a finding of good cause.

Second, the Court does not find that the breadth and burden of the discovery ordered would be so onerous to Hornblower as to justify a stay. Hornblower has already produced 4,444 pages of documents in three sets of production in discovery. (See Dkt. No. 81 at 1.) The limited discovery that Plaintiffs seek, and of which Magistrate Judge Wang has ordered, is specific, not overly broad, and proportional to the needs of the case. And the Court does not anticipate that providing the total number of Hornblower employees at four California sites would be time-consuming or impose a substantial burden on Hornblower relative to the discovery it has already produced.

On the final factor, the Court does not find that Plaintiffs will necessarily suffer unfair prejudice as a result of a stay. Hornblower, through the pre-motion letter exchange, already filed its motion to dismiss, and "any stay would last briefly." HAHA Glob., Inc. v. Barclays, No. 19 Civ. 4749, 2020 WL 832341, at *1 (S.D.N.Y. Feb. 20, 2020) (citing Trustees of New York City District Council of Carpenters Pension Fund v. Showtime on Piers LLC, No. 19 Civ. 7755, 2019 WL 6912282, at *1 (S.D.N.Y. Dec. 19, 2019)). However, the factors a court may consider to determine the

9

propriety of a stay pending a motion to dismiss are not exclusive, and determining that Plaintiffs may not necessarily suffer unfair prejudice is not, by itself, dispositive of a finding of good cause.

Having considered the factors, the Court finds that compelling limited discovery is a reasonable outcome. Even if another court would have decided Plaintiffs' motion to compel differently, such a "showing that reasonable minds may differ on the wisdom of granting the . . . motion is not sufficient to overturn a magistrate judge's decision." Bookends & Beginnings, 2021 WL 5450236, at *2 (citing Edmonds v. Seavey, No. 08 Civ. 5646, 2009 WL 2150971, at *2 (S.D.N.Y. July 20, 2009)). Notably, Magistrate Judge Wang did not wholesale grant Plaintiffs' motion to compel and instead denied in part other portions of their motion, including their request that the Magistrate Court "order Defendant to search for and produce responsive ESI from custodians Raima McDaniel and Codi Robbins." (January 30 Order at 1.) The Court finds that Magistrate Judge Wang's Order fell "within the range of permissible decisions." Bookends & Beginnings, 2021 WL 5450236, at *2 (citing Royal Park Inv. SA/NV v. HSBC Bank USA, N.A., No. 14 Civ. 8175, 2018 WL 745994, at *1 (S.D.N.Y. Feb. 6, 2018)). Accordingly, the Court holds that Magistrate Judge Wang did not abuse her discretion or clearly err in

granting, in part, Plaintiffs' motion to compel discovery, and Hornblower's Objection to Discovery is overruled.

B.   OBJECTION TO DENIAL OF STAY OF DISCOVERY

Hornblower also objects to Magistrate Judge Wang's February 3 Order denying its request to stay discovery pending resolution of Hornblower's Objection to Discovery. Though the February 3 Order does not set forth reasons for denying Hornblower's stay request, the Court does not find that Magistrate Judge Wang clearly erred or abused her discretion.

Resolving this objection turns on factors that are largely identical to the factors the Court considered in resolving Hornblower's Objection to Discovery above. As courts in this District have held, "a stay of discovery is within the court's 'considerable discretion[.]'" Allianz Glob. Invs. GmbH v. Bank of Am. Corp., No. 18 Civ. 10364, 2020 WL 4927575, at *4 (S.D.N.Y. Aug. 21, 2020) (citing Roper v. City of N.Y., No. 15 Civ. 8899, 2017 WL 462270, at *1 (S.D.N.Y. Jan. 25, 2017)). And a stay of discovery "may be entered upon the moving party's showing of 'good cause' or 'where resolution of a preliminary motion may dispose of an entire action.'" In re Application of Sukhbaatar Batbold for an Order Pursuant to 28 U.S.C. § 1782, No. 21 MC 218, 2023 WL 2088524, at *9 (S.D.N.Y. Feb. 17, 2023) (citing Thai Lao Lignite (Thailand) Co., Ltd. v. Gov't of Lao People's

11

Democratic Republic, 924 F. Supp. 2d 508, 527 (S.D.N.Y. 2013)).

Hornblower argues that while Plaintiffs are unlikely to suffer any prejudice if the stay is granted, "there is a serious risk of prejudice to Defendant if a stay is not in place," along with a "substantial risk of inconsistent rulings from [this Court] and Judge Wang." (Objection to Denial of Stay at 5.) Hornblower contends that allowing discovery pending the outcome of its Objection to Discovery would "reward plaintiffs for poor pleading and force defendants to incur the costs of significant discovery in response to any complaint." (Id.)

However, the Court is not persuaded by Hornblower's argument that it will suffer unfair prejudice if a stay is not granted. As the Court explained above, Hornblower has not made a substantial showing that Plaintiffs' claims are unmeritorious, and the discovery ordered seeks discrete pieces of information that are relevant and proportional to the needs of the case. Further, Hornblower has not demonstrated an overriding need to protect this information, such as if this information was privileged or confidential. Thus, the Court finds that Magistrate Judge Wang's denial of Hornblower's request for a stay of discovery was neither

clearly erroneous nor an abuse of discretion. Accordingly, Hornblower's Objection to Denial of Stay is overruled.

### IV. ORDER

For the reasons stated above, it is hereby

**ORDERED** that the objection (Dkt. No. 83) to Magistrate Judge Ona T. Wang's January 30, 2023 Order (Dkt. No. 82) filed by defendant Hornblower Cruises, LLC ("Hornblower") is **OVERRULED**. Hornblower is hereby directed to comply with Magistrate Judge Wang's January 30, 2023 Order requiring Hornblower "to produce the number of people employed at the relevant locations in California before the March 2020 layoffs" (id.); and it is further

**ORDERED** that the objection (Dkt. No. 86) to Magistrate Judge Wang's February 3, 2023 Order (Dkt. No. 85) filed by Hornblower is **OVERRULED**.

**SO ORDERED.**

Dated:   2 March 2023
         New York, New York

_____
Victor Marrero
U.S.D.J.