USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/31/2023

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CLYVE SHAW and KENARDRO PRESS, on behalf of themselves and those similarly situated, | |
| Plaintiffs, | **21 Civ. 10408 (VM)** |
| - against - | **DECISION AND ORDER** |
| HORNBLOWER CRUISES & EVENTS, LCC, | |
| Defendant. | |

**VICTOR MARRERO, United States District Judge.**

Plaintiffs Clyve Shaw ("Shaw") and Kenardro Press ("Press") (collectively, "Plaintiffs") bring this putative class action, on behalf of themselves and all others similarly situated, against defendant Hornblower Cruises & Events, LLC ("Hornblower" or "Defendant"). Plaintiffs allege that Defendant violated the federal Worker Adjustment and Retraining Notification Act[1] (the "federal WARN Act" or "WARN Act"), the New York State Worker Adjustment and Retraining Notification Act[2] (the "New York WARN Act"), and the Illinois Worker Adjustment and Retraining Notification Act [3] (the "Illinois WARN Act"), by failing to provide the required notices to its employees before closing a site of employment or conducting a mass layoff. (See "Third Amended Complaint"

---

[1] 29 U.S.C. §§ 2101-2109.

[2] N.Y. Lab. L. § 860.

[3] 820 Ill. Comp. Stat. Ann. 65/1.

or "TAC," Dkt. No. 61.) Now before the Court is Defendant's motion to partially dismiss Plaintiffs' TAC pursuant to Federal Rules of Civil Procedure 12(b)(6) ("Rule 12(b)(6)") and 12(b)(2) ("Rule 12(b)(2)"). (See "Motion," Dkt. No. 64.) For the reasons set forth below, Defendant's Motion is **DENIED** in its entirety.

## I. <u>BACKGROUND</u>

A. <u>FACTUAL BACKGROUND</u>[4]

The Court assumes the parties' familiarity with the underlying facts as discussed in the Court's prior Decision and Order in this case (<u>see</u> Dkt. No. 60) and will discuss only those facts relevant to the Motion currently before this Court.

In brief, the federal WARN Act prohibits employers of 100 or more employees from ordering "a plant closing or mass layoff until the end of a 60-day period after the employer serves written notice of such an order." 29 U.S.C. § 2102(a). An employer who fails to provide the required notice when laying off a threshold number of employees is liable to "each aggrieved employee who suffers an employment loss" as a result of the plant closing or layoff. 29 U.S.C. § 2104(a)(1).

---

[4] Except as otherwise noted, the factual background derives from the TAC and the facts pleaded therein, which the Court accepts as true for the purposes of ruling on a motion to dismiss. See Section II, *infra*.

Defendant conducted business in New York, Illinois, and other states, employing thousands of workers throughout the country. As part of Plaintiffs' federal WARN Act claim, the TAC identifies sites of employment in Newport Beach, Marina del Rey, San Francisco, and San Diego, California where 97, 69, 139, and 65 employees of Defendant, respectively, were allegedly laid off. The TAC alleges "[u]pon information and belief" that at least 33 percent of the full-time employees of each of these locations were terminated (TAC ¶¶ 42, 45, 48, 51), but that Defendant possesses the exact number of terminated employees at each of its worksites. The TAC further alleges that Defendant's employees at these sites did not receive the required written notice at least 60 days prior to termination or with as much notice as possible.

B.   <u>PROCEDURAL HISTORY</u>

Plaintiffs initiated this action on December 6, 2021. On July 15, 2022, Defendant filed its first motion to partially dismiss Plaintiffs' Second Amended Complaint or, in the alternative, partially deny class certification on a preemptive basis. The Court granted in part and denied in part Defendant's motion, granting Plaintiffs leave to amend their Second Amended Complaint. Plaintiffs filed their TAC on November 14, 2022.

Consistent with the Court's Individual Practices, Section II.B, Defendant sent Plaintiffs a pre-motion letter, indicating that it intended to file a motion to partially dismiss the TAC for failure to state a claim and for lack of personal jurisdiction. (See Motion.) Plaintiffs filed their pre-motion letter opposing the grounds for Defendant's anticipated motion (see "Opposition," Dkt. No. 65), and Defendant filed its pre-motion letter in response (see "Reply," Dkt. No. 76). The parties then filed a joint letter, indicating that they consent to the Court deeming the pre-motion letters as a fully briefed motion and ruling on the basis of the letters. (See Dkt. No. 80.)

## II. **LEGAL STANDARD**

A.   RULE 12(b)(6)

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. In other words, a complaint should not be dismissed when the factual allegations

4

sufficiently "raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

In resolving a Rule 12(b)(6) motion, the Court's task is "to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." In re Initial Pub. Offering Sec. Litig., 383 F. Supp. 2d 566, 574 (S.D.N.Y. 2005) (internal quotation marks omitted), aff'd sub nom. Tenney v. Credit Suisse First Boston Corp., No. 05 Civ. 3430, 2006 WL 1423785 (2d Cir. May 19, 2006); accord In re MF Glob. Holdings Ltd. Sec. Litig., 982 F. Supp. 2d 277, 302 (S.D.N.Y. 2013). In this context, the Court must construe the complaint liberally, "accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." See Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002). The requirement that a court accept the factual allegations in the complaint as true does not, however, extend to legal conclusions. See Iqbal, 556 U.S. at 678.

B.    RULE 12(b)(2)

Rule 12(b)(2) provides that a Court must dismiss an action against any defendant over whom it lacks personal jurisdiction. See Fed. R. Civ. P. 12(b)(2). On a Rule 12(b)(2) motion to dismiss, a plaintiff "bears the burden of showing that the court has jurisdiction over the defendant." In re

Magnetic Audiotape Antitrust Litig., 334 F.3d 204, 206 (2d
Cir. 2003) (per curiam); accord DiStefano v. Carozzi N. Am.,
Inc., 286 F.3d 81, 84 (2d Cir. 2001); Bank Brussels Lambert
v. Fiddler Gonzalez & Rodriguez, 171 F.3d 779, 784 (2d Cir.
1999). Where no evidentiary hearing has been conducted, "the
plaintiff need only make a prima facie showing that the court
possesses personal jurisdiction over the defendant."
DiStefano, 286 F.3d at 83 (citing Bank Brussels Lambert, 171
F.3d at 784). Further, when evaluating such a motion, a court
"may consider materials outside the pleadings, including
affidavits and other written materials." Jonas v. Estate of
Leven, 116 F. Supp. 3d 314, 323 (S.D.N.Y. 2015).

### III. DISCUSSION

A.   FAILURE TO STATE A CLAIM

Defendant moves to partially dismiss Plaintiffs' TAC on
the ground that Plaintiffs fail to plausibly plead a claim
under the federal WARN Act as it applies to the single sites
of employment in California. To state a claim under the
federal WARN Act, a plaintiff must allege that: (1) he or she
was employed by an "employer" (2) who failed to provide at
least 60 calendar days advance notice of (3) a "plant closing"
or a "mass layoff" which resulted in (4) an "employment loss."
See Warshun v. N.Y. Cmty. Bancorp, Inc., 957 F. Supp. 2d 259,
267 (E.D.N.Y. 2013); see also Telford v. Ideal Mortg. Bankers,

LTD., No. 09 Civ. 5518, 2010 WL 3924790, at *3 (E.D.N.Y. Aug. 17, 2010), adopted by 2010 WL 3909313 (E.D.N.Y. Sept. 27, 2010) (citing 29 U.S.C. § 2104(a)(1)). Under the WARN Act, a "mass layoff" is one that "results in an employment loss at the single site of employment during any 30-day period for -- (i)(I) at least 33 percent of the employees (excluding any part-time employees); and (II) at least 50 employees (excluding any part-time employees); or (ii) at least 500 employees (excluding any part-time employees)." 29 U.S.C. § 2101(a)(3)(B).

Defendant argues that Plaintiffs' claims concerning the sites of employment in California are implausibly pled because Plaintiffs have not established that a "mass layoff" as defined under the federal WARN Act occurred at the California sites of employment -- in Marina del Rey, Newport Beach, San Francisco, and San Diego. Specifically, Defendant contends that Plaintiffs have failed to demonstrate that the threshold 33 percent of the countable employees at those sites were laid off.

In response, Plaintiffs assert that they adequately pled a plausible claim with respect to the California sites of employment because the Court can reasonably infer that the WARN Act was triggered at these sites based on the alleged number of layoffs gleaned from Defendant's filings with

government authorities and allegations pled upon information and belief.

The Court is persuaded that Plaintiffs' allegations with respect to the California sites of employment are plausibly pled. As the Court noted in a prior Order (see Dkt. No. 90), in the Second Circuit, a plaintiff may "plead[] facts alleged 'upon information and belief' where the facts are peculiarly within the possession and control of the defendant . . . ." Arista Records, LLC v. Doe 3, 604 F.3d 110, 120 (2d Cir. 2010) (internal citation omitted); see also New York v. Town of Clarkstown, 95 F. Supp. 3d 660, 680-81 (S.D.N.Y. 2015) (same). The Court determined that pleading facts alleged on "information and belief" would be proper here because the information Defendant insists that Plaintiffs allege in order to plead a plausible claim -- the total number of employees at specific worksites during a particular period -- is likely within Defendant's possession and control and cannot be obtained otherwise. (See Dkt. No. 90 at 8.)

The Court notes that Plaintiffs indicated in the TAC that they relied upon government filings with California's WARN Act Coordinator and other government officials to allege, at the least, the total number of layoffs at the relevant sites, which exceeds the 50 employees required for a "mass layoff" as defined in 29 U.S.C. Section

2101(a)(3)(B)(i)(II).  Plaintiffs  also  indicated  that  the
precise  number  of  terminated  employees  is  reflected  in
Defendant's  records.  (See  TAC  ¶  52.)  Based  on  this
information,  Plaintiffs  have  properly  alleged  "upon
information  and  belief"  that  at  least  33  percent  of  the
qualifying  employees  were  laid  off  at  the  relevant  single
sites  of  employment  in  California.  (See  id.  ¶¶  42,  45,  48,
51.)

    Thus,  accepting  all  the  factual  allegations  in  the  TAC
as  true,  drawing  all  reasonable  inferences  in  Plaintiffs'
favor,  and  having  considered  that  the  information  alleged
upon  information  and  belief  is  within  Defendant's  possession
and  not  readily  available  to  Plaintiffs,  the  Court  is
persuaded  that  Plaintiffs  plausibly  pled  that  the  WARN  Act
was  triggered  at  the  California  sites  of  employment.
Moreover,  as  the  Court  remarked  in  its  prior  Decision  and
Order  on  Defendant's  first  motion  to  dismiss  (see  Dkt.  No.
60),  should  discovery  establish  that  the  WARN  Act  was  not  in
fact  triggered  at  the  California  sites  of  employment,  the
scope  of  the  class  and  the  putative  class  members  can  be
further  refined  at  the  class  certification  stage.  The  Court
thus  denies  Defendant's  Motion  to  dismiss  for  failure  to  state
a  claim.

B.   <u>LACK OF PERSONAL JURISDICTION</u>

Defendant also argues that dismissal of the claims concerning the putative class members employed at the California worksites is warranted on the ground that the Court lacks personal jurisdiction over those particular claims in light of the Supreme Court's decision in <u>Bristol-Myers Squibb Co. v. Superior Court of California</u>, 582 U.S. 255 (2017).[5] However, in its Reply, Defendant admits that such a defense is premature at this stage, but reserves its right to raise the defense at the class certification stage. Plaintiffs counter that Defendant waived its personal jurisdiction defense and that they are otherwise not required to prove personal jurisdiction for putative class members. The Court addresses whether Defendant waived its right to assert the jurisdictional defense pursuant to Rule 12(b)(2).

Federal Rule of Civil Procedure 12(h)(1) provides that a party waives the defense of lack of personal jurisdiction by "omitting it from a motion in the circumstances described in [Federal Rule of Civil Procedure] 12(g)(2)" ("Rule

---

[5] In <u>Bristol-Myers Squibb</u>, roughly 600 plaintiffs commenced a mass tort action in a California state court against a pharmaceutical company. <u>See</u> 582 U.S. at 258. Of the 600 plaintiffs, more than 500 were non-California residents. <u>See</u> <u>id.</u> at 259. The defendant company argued that the California court lacked personal jurisdiction to hear the claims of the non-California residents, <u>see id.</u>, and the Supreme Court agreed that a California state court may not exercise specific personal jurisdiction over the claims of plaintiffs who did not reside in California, <u>see id.</u> at 265.

12(g)(2)"). Under Rule 12(g)(2), a party may not "rais[e] a defense or objection that was *available* to the party but omitted from its earlier motion." Fed. R. Civ. P. 12(g)(2) (emphasis added). The Court finds that Defendant did not waive this defense, as it was not "available" to it at the time it filed its first dispositive motion to dismiss Plaintiffs' Second Amended Complaint.

Plaintiffs argue that Defendant waived its personal jurisdiction defense because Defendant was aware that Plaintiffs' nationwide class action sought to include potential class members from California, but Defendant failed to raise that defense in its first motion to dismiss (see Dkt. No. 37) filed on July 15, 2022. Defendant counters that no such waiver occurred because such a defense was not "available" to Defendant at that time as Plaintiffs had not yet moved for class certification, and the putative class members employed in California had not been brought before the Court.

The Court agrees with Defendant. As Rule 12(g)(2) indicates, generally, a defendant waives the defense for lack of personal jurisdiction if he fails to raise it in the first motion or answer to a complaint. However, in class actions, the Court must take into account other considerations before deeming the defense waived.

11

In Cruson v. Jackson Nat'l Life Ins. Co., a post-Bristol-Myers Squibb case cited by Defendant, the Fifth Circuit addressed at what stage a Rule 12(b)(2) defense may be brought in the context of class actions. See 954 F.3d 240 (5th Cir. 2020). Cruson concerned a nationwide putative class action brought before a district court in Texas against a life insurance company that sold annuities. Id. at 245. The defendant life insurance company asserted a personal jurisdiction defense as to non-Texas putative class members, but the district court found that the defendant waived that defense by failing to raise it in its Rule 12 motions. Id. at 249. Upon review, the Court of Appeals concluded that the district court erred because the defense had not been available to the defendant because the plaintiffs had not yet moved for class certification and thus the non-Texas putative class members were not yet before the court. Id. at 251. The Fifth Circuit determined that when the defendant filed its Rule 12 motions prior to class certification, "the only live claims belonged to the named plaintiffs, all Texas residents as to whom Jackson conceded personal jurisdiction." Id. at 250.

Other circuits addressing this issue as it relates to nationwide class actions have concluded similarly. For example, the Ninth Circuit in Moser v. Benefytt, Inc. found

that a Rule 12(b)(2) defense was not available to a defendant
at the motion to dismiss stage because the unnamed putative
class members outside of California were not yet parties to
the case. See 8 F.4th 872, 877 (9th Cir. 2021). The court
noted that "[t]o conclude otherwise would be to endorse 'the
novel and surely erroneous argument that a nonnamed class
member is a party to the class-action litigation *before the
class is certified*.'" Id. (quoting Smith v. Bayer Corp., 564
U.S. 299, 313 (2011)) (emphasis in original); see also Molock
v. Whole Foods Market Grp., Inc., 952 F.3d 293, 298 (D.C.
Cir. 2020) ("Putative class members become parties to an
action -- and thus subject to dismissal -- only after class
certification.").

Here, Plaintiffs have not yet moved for class
certification, and the only named plaintiffs before the Court
are Shaw and Press who are New York and Illinois-based,
respectively, and as to whom Defendant does not raise a
jurisdictional challenge. At the time that Defendant filed
its first Rule 12 motion on July 15, 2022, the California-
based putative class members were not before the Court, and
thus a Rule 12(b)(2) defense was not available to Defendant
at that time. Likewise, now, Plaintiffs still have not moved
for class certification, and raising such a defense with
respect to the California claims would be premature.

13

Accordingly, the Court finds that Defendant did not waive its right to raise a personal jurisdiction defense with respect to the California claims as the defense is not yet available.[6] The appropriate time to raise this challenge is when those putative class members are before the Court at the class certification stage, at which point the Court would be able to address the merits of the defense and the applicability of the Supreme Court's decision in <u>Bristol-Myers Squibb</u>.

The Court accordingly denies Defendant's Motion to dismiss the claims concerning the California sites of employment for lack of jurisdiction. However, the Court recognizes that Defendant reserves the right to raise this defense when Plaintiffs move for class certification. Defendant's Motion is therefore **DENIED** in its entirety.

## IV. <u>ORDER</u>

For the reasons stated above, it is hereby

**ORDERED** that the motion (Dkt. No. 64) of defendant Hornblower Cruises, LLC ("Defendant") to partially dismiss the Third Amended Complaint (Dkt. No. 61) filed by Plaintiffs Clyve Shaw and Kenardro Press (collectively, "Plaintiffs") pursuant to Rule 12(b)(6) and Rule 12(b)(2) of the Federal

---

[6] The Court notes that the cases cited by Plaintiffs to support their contention that Defendant waived its personal jurisdiction defense are inapposite as those cases did not involve class action lawsuits with yet-to-be-certified putative class members.

Rules of Civil Procedure is **DENIED** in its entirety; and it is further

    **ORDERED** that Defendant is directed to file an Answer within twenty-one (21) days of the date of this Decision and Order; and it is further

    **ORDERED** that the case management conference currently scheduled for June 2, 2023 is adjourned; and it is further

    **ORDERED** that the parties shall file a joint letter, not to exceed three (3) pages, updating the Court on the status of mediation and discovery within seven (7) days of the date of this Decision and Order.

**SO ORDERED.**

Dated:    31 May 2023
         New York, New York

                                      Victor Marrero
                                        U.S.D.J.